UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELVIN ARGUETA CAAL and SELVIN ALDAIR ARGUETA NAJERA, ) ) ) Plaintiffs, ) ) v. ) ) THE UNITED STATES OF AMERICA, ) ) Defendant. ) | No. 23 C 598<br><br>Judge Rowland |

**DEFENDANT'S MOTION TO STAY DISCOVERY**

Defendant the United States of America, by its attorney Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, moves to stay discovery in this Federal Tort Claims Act case and in support states as follows:

1. In this case arising out of plaintiffs' separation from each other at the U.S.-Mexico border, the United States has moved to dismiss on the grounds that: (1) plaintiffs' claims are precluded by several exceptions to the Federal Tort Claims Act's general waiver of sovereign immunity; (2) plaintiffs' claims challenge conduct that is considered privileged under Texas law; and (3) plaintiffs have failed to state a claim under Texas law for the five individual torts they allege. Dkt. 10-11.

2. The court should stay discovery until it has had an opportunity to consider and rule on the jurisdictional question of whether the United States has waived sovereign immunity against plaintiffs' claims.

3. District courts enjoy broad discretion in controlling discovery, and a district court's decision on discovery matters will be reversed "only upon a showing of a clear abuse of discretion." *McCarthy v. Option One Mortg. Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004).

4. It is not an abuse of discretion to grant a motion to stay discovery pending a dispositive motion presenting a question of law, when discovery would not be necessary for the resolution of the motion. *Glunk v. Noone*, 689 F. App'x 137, 140 (3d Cir. 2017) (district court's stay of discovery while motions to dismiss were pending "was a straightforward exercise of docket management"); *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (describing as "wasteful" the practice of allowing "discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits") (quotation omitted).

5. A party suing the federal government bears the burden of showing Congress's unequivocal waiver of sovereign immunity. *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action."). The burden is a heavy one. *Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 276 (1959) ("The conclusion that there has been a waiver of immunity will not be lightly inferred.").

6. Here, plaintiffs assert jurisdiction under the Federal Tort Claims Act. Compl. ¶ 14. But the FTCA constitutes a *limited* waiver of sovereign immunity, and it permits suits only on the terms that Congress has prescribed. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). Absent a waiver, sovereign immunity shields the federal government from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

7. As explained in the United States' memorandum in support of its motion to dismiss, plaintiffs' claims are barred by several exceptions to the FTCA's waiver of sovereign immunity, including the discretionary function exception, the exception for actions taken while reasonably

executing the law, the exception for government actions that have no private-person analogue, and the independent contractor exception. Dkt. 11 at 8-23.

8. Governmental immunity is a "threshold question" that "acts as a bar to a court's right to adjudicate a claim." *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987). "It is a defense to the burdens of litigation, not just the burdens of liability." *Id*. "Until the threshold immunity question is resolved, discovery should not be allowed." *Id*. (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Brownback v. King*, 141 S.Ct. 740, 749 (2021) (holding that "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional").

9. Staying discovery will not unduly delay this case, for two reasons. First, the court should grant the motion to dismiss, and that ruling will make discovery unnecessary. And second, even if the court were to deny the motion to dismiss, discovery in this case would fall under two broad categories: (1) discovery regarding the policy-level decision-making surrounding the creation and implementation of the challenged "Zero Tolerance" policy in 2018; and (2) discovery regarding the unique facts of plaintiffs' entry into the United States and subsequent separation. As mentioned in today's joint initial status report, discovery for the first category has already been conducted in two related cases in the District of Arizona, and plaintiffs have tentatively agreed to limit policy-level discovery in *this* case to the body of discovery conducted in *those* cases (subject to further consideration, of course). Accordingly, even if the court were to deny the motion to dismiss entirely, the only discovery left to be conducted would likely be the discovery into plaintiffs' unique circumstances.

10. Plaintiffs oppose this motion, and the parties have discussed it and propose that plaintiffs file a response to this motion on or before May 1, 2023, and that the United States file any reply on or before May 4, 2023.

3

WHEREFORE, the United States requests that discovery be stayed until the court has had an opportunity to rule on the United States' motion to dismiss.

> Respectfully submitted,
>
> MORRIS PASQUAL
> Acting United States Attorney
>
> By: s/ Alex Hartzler
>     ALEX HARTZLER
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 886-1390
>     alex.hartzler@usdoj.gov