UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELVIN ARGUETA CAAL and SELVIN ALDAIR ARGUETA NAJERA, | ) ) ) |
| Plaintiffs, | ) ) No. 23 C 598 ) |
| v. | ) Judge Rowland ) |
| THE UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff Selvin Argueta Caal and Selvin Aldair Argueta Najera, by their attorney A. Nicole Hallett, and the United States of America, by its attorney Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, jointly move for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to govern the disclosure, use, and handling by the parties of confidential information in this action and in support state as follows:

1. As fully set forth in the attached proposed protective order, disclosure and discovery in this action will likely involve the production of confidential, personal, and private information pertaining to plaintiffs and witnesses, including, but not limited to, personally identifiable information, health information, immigration-related information, and other information protected by the Privacy Act of 1974, 5 U.S.C. § 552a.

2. Disclosure and discovery in this action will also likely involve confidential information about Defendant's law enforcement or national security staffing, resources, and/or methods—the release of which to the public may adversely impact identifiable law enforcement or national security interests—as well as other information in defendant's possession that is protected or restricted from disclosure by a number of statutes and regulations, as detailed in the proposed protective order. *See* Section A(2) of the proposed protective order.

3. The parties therefore agree that good cause exists for such information to be protected from unnecessary disclosure.

4. The proposed protective order addresses the requirements of Local Rules 5.8 and 26.2, which state that parties are not automatically permitted to file documents under seal. *See* Section B(8) of the proposed protective order.

WHEREFORE, the parties request that the court issue the parties' proposed protective order accompanying this joint motion.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

s/ A. Nicole Hallett
A. NICOLE HALLETT
    Supervising Attorney
Allison O'Connor
    Student Attorney
Edwin F. Mandel Legal Aid Clinic
6020 South University Avenue
Chicago, Illinois 60637
(203) 910-1980
nhallett@uchicago.edu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELVIN ARGUETA CAAL and SELVIN ALDAIR ARGUETA NAJERA, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> No. 23 C 598 <br><br> Judge Rowland |

**STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

1. With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery this action, IT IS HEREBY ORDERED as follows:

A. Definitions

    1. "Action" shall mean the case captioned *Caal, et al. v. United States*, 23 C 598.

    2. "Confidential Information" shall mean information that, at the time of its production in discovery in the Action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information is:

        a. a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

        b. personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2., including any document, information, or tangible thing protected by the provisions of the Family and

        Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties;

c.    information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

d.    information contained in individual detainee files (e.g., "A Files") that would be protected by the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

e.    plaintiffs' administrative claims (Standard Form 95 or "SF-95") and attachments to those claims;

f.    sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;

g.    information pertaining to applications for asylum or withholding of

        removal, protection under the Convention against Torture, or claims of credible or reasonable fear, which are subject to disclosure conditions under 8 C.F.R. §§ 208.6, 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); and

    h.    any other information that is protected or restricted from disclosure by Court order, statutes, or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

    i.    To the extent that discoverable information about any Plaintiff is covered by the disclosure of information provisions of 8 U.S.C. §1367(a)(2), the Defendant is ordered to release it to the Plaintiffs, their attorney(s) and related personnel assisting in their case, and any Court involved in this or related proceedings and its personnel as confidential information, despite the limits on disclosure contained in that provision.

    3.    "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document

itself for purposes of this Protective Order.

    4.    "Document" shall mean all items listed in Fed. R. Civ. P. 34(a)(1)(A) & (B).

    5.    "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

    6.    "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and to have treated as Confidential Information pursuant to this Protective Order.

    7.    "Producing Party" shall mean the person or party producing in discovery in the Action.

    8.    "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

**B.**    <u>Purpose, Scope, and Limitations of Protective Order</u>

    1.    This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

    2.    This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

    3.    The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; (iii) is known

to or is in the possession of the Receiving Party prior to the disclosure in this Action or obtained by the Receiving Party after the disclosure in this Action from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

    4.    If the Confidential Information contains highly sensitive information, then the Parties may stipulate or the Producing Party may move for the establishment of an additional category of protection (e.g., Attorneys' Eyes Only) that prohibits disclosure of such information in that category, or that limits disclosure only to specifically designated counsel, Party representative(s) whose assistance is reasonably necessary to the conduct of these cases, and who agree to be bound by the terms of the Order provided herein or as revised with respect to such information.

    5.    The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). All patient identifiable information shall be designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

    6.    This Protective Order does not govern the use by the parties of Confidential Information in open court at any hearing or trial, but the parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

    7.    This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

    8.    Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or Document under seal per the procedural requirements of LR 5.8 and 26.2.

9. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

10. This Protective Order applies to only disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

11. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

12. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C. <u>Method for Designating Confidential Information</u>

1. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The designation of Confidential Information should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of Confidential Information in Section A(2) of this Protective Order.

3. Documents produced in discovery in this Action containing confidential information shall be designated as containing "Confidential Information." For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The media on which the Confidential Information is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain

plainly labeled with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information. Only those Documents or portions of Documents designated as Confidential Information shall be subject to this Protective Order.

4. A Receiving Party may request the Designating Party to identify whether a Document labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is confidential in total or only in part. Within five (5) business days of the request, the Receiving Party and the Designating Party shall confer in good faith to resolve any Receiving Party's request for such identification. The parties shall memorialize in writing any identification of Confidential Information that results from the meet and confer. If the parties cannot resolve the request to the Receiving Party's satisfaction during their conference, the Receiving Party may challenge the designation in accordance with Section D of this Order.

5. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Only those interrogatory answers or responses or portions of interrogatory answers or responses designated as Confidential Information shall be subject to this Protective Order.

6. For depositions, designation of Confidential Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits

7

that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If the deposition was filmed, both the recording storage medium (*i.e.* CD or DVD) and its container shall be labeled CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The deposition transcript shall also be accompanied by a cover letter from the Designating Party identifying the specific pages and lines of the transcript and any exhibits (or portions of exhibits) designated as Confidential Information. Only those pages and lines and exhibits (or portions of exhibits) designated as Confidential Information, and their corresponding portions of video, if any, shall be subject to this Protective Order.

7. For any other Document or item produced in discovery in this Action not falling within Sections C(3), C(5) or C(6) above, designation of Confidential Information shall be made by labeling the item or the item's container with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated. Only the item or portions of the item designated as Confidential Information shall be subject to this Protective Order.

8. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party

8

must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D. <u>Challenging Confidential Information Designations</u>

1. Prior to thirty (30) days before the final pre-trial conference, any party may object to a designation of materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the Challenging Party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

E. <u>Disclosure, Use, and Handling of Confidential Information</u>

1. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and to secure distribution of Confidential Information.

2. Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

    a. Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, interpreters, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

9

      b.      Any person with prior authorized access to the Confidential Information;

      c.      Witnesses, potential witnesses, and deponents, including their counsel;

      d.      Court reporters and other persons not employed by this Court, retained to record or to transcribe testimony or argument at interviews or depositions in connection with this Action;

      e.      Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

      f.      Retained expert witnesses and consultants;

      g.      Mediators or arbitrators;

      h.      Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this Action;

      i.      Other persons only upon consent of the Producing Party and on such conditions as the Parties may agree; and

      j.      This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

3.      Disclosure to the persons referenced in subsections (E)(2)(c), (f), and (i) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

4.      Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

5. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the parties must follow the procedural requirements of LR 5.8 and 26.2. Nothing in this Order shall be construed as automatically permitting a party to file under seal. Further, no portion of the trial of the matter shall be conducted under seal, unless the parties and the Court so agree.

6. If the need arises for any Party to disclose Confidential Information in a proceeding in open Court or at any hearing or trial, it may do so only after giving seven (7) business days' notice to the Producing Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court. If a hearing is scheduled to occur less than seven (7) business days from the date the hearing is scheduled, the notice contemplated by this Section E(6) shall be accomplished within twenty-four (24) hours, or as soon as practicable. The notice contemplated by Section E(6) for purposes of a Party who asserts the need to disclose Confidential Information at trial may be accomplished by provision of a pre-trial exhibit list and resolution of any objection by the Court at a Pretrial Conference.

7. If any Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, (c) served with any legal process by one not a party to this action, or (d) otherwise compelled to respond to a request pursuant to existing independent statutory, law enforcement, national security or regulatory obligations imposed on a party, and such subpoena, demand, legal process, or request seeks information or material which was designated as Confidential Information by someone other than that Party, the Party shall give written notice within ten (10) calendar days of receipt of such subpoena, demand, legal process, or request to the Designating Party, and prior to compliance with the subpoena, so as to allow the Designating Party to seek protection from the relevant court(s). Nothing in this Protective Order shall be construed as requiring the Party or anyone else covered by this Protective Order to

11

challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

   8. Except as set forth in Section 7, a Receiving Party may use Confidential Information only in connection with prosecuting, defending, or attempting to settle this Action. The Confidential Information shall not be used by the Receiving Party for any purpose outside of this Action.

   9. No one subject to this Protective Order shall use Confidential Information obtained in this Action to retaliate against, intimidate, discriminate against, or harass any individual in any manner.

F. <u>Inadvertent Production of Confidential Information</u>

   1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

   2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify

the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G.     <u>Disposition of Documents Containing Confidential Information</u>

       1.     Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either (a) to destroy or to delete all items designated as Confidential Information or (b) to return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

             a.     For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

13

      b.      Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

      c.      In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq*.

H.    <u>Privacy Act.</u>

    1.    The United States is authorized to produce personal identifying information contained within electronically stored information or hard copy documents. Any electronically stored information or hard copy documents containing such personal identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information.

    2.    This is an order of a court of competent jurisdiction. 5 U.S.C. § 552a(b)(11).

I.    <u>Applicability to Parties Later Joined.</u>

1. If additional persons or entities become parties to this Action, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

E N T E R :

_____
United States District Judge

Dated:

15

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELVIN ARGUETA CAAL and SELVIN ALDAIR ARGUETA NAJERA, ) ) ) Plaintiffs, ) ) v. ) ) THE UNITED STATES OF AMERICA, ) ) Defendant. ) | No. 23 C 598<br><br>Judge Rowland |

   I hereby declare that I have read and that I understand the Agreed Protective Order entered in the above-captioned case. I further declare that I will comply with all of the terms and conditions of this Protective Order, and that I will not disclose any Confidential Information, as that term is defined in the Protective Order, in a manner that is inconsistent with the Protective Order. I will maintain any Confidential Information in my possession – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. I understand that any unauthorized disclosure may subject me to a ruling of contempt or other sanction imposed by the District Court. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Arizona with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of that Order.

Executed this ___ day of _____ by _____
                       (Print Name)

Signed _____